UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ROSETTA SURRELL,

        Plaintiff,

   v.

CALIFORNIA WATER SERVICE
COMPANY, a corporation; YVONNE
PILE-COX; DOE 1; DOE 2; DOE 3;
DOE 4; DOES 5 through 100,
inclusive,

        Defendants.

NO. CIV. S-04-2143 FCD JFM

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on defendants' California Water Service Company ("Cal Water") and Yvonne Pile-Cox's ("Cox") motion for summary judgment.[1]  On January 27, 2006, the court heard oral argument on the matter.  For the reasons set forth below, defendants' motions are GRANTED.

---

[1]    Defendants Cal Water and Cox filed separate motions for summary judgment.  Due to the overlapping facts and issues presented by these motions, the court addresses both defendants' motions together.

**BACKGROUND**[2]

Plaintiff Rosetta Surrell is an African American woman over 40 years of age.  (Decl. of Rosetta Surrell in Opp'n to Def.s' Mot. for Summ. J. ("Surrell Decl."), executed Jan. 11, 2006, ¶ 11).  Defendant Cal Water is a wholly owned subsidiary of California Water Service Group, a privately owned and publicly traded company, that provides water service to businesses and consumers in communities throughout California.  (UF ¶ 48).  Defendant Cox was plaintiff's supervisor at Cal Water from 1997 until August 2002.  (UF ¶ 5; Def. Cox's Mot for Summ. J., filed Dec. 19, 2005, at 1).

Plaintiff began employment with Cal Water as a Customer Service Representative 5 in the Company's Stockton District in January 1997.  (UF ¶ 1).  At all times during her employment with Cal Water, plaintiff was a member of the Utility Workers Union of America AFL-CIO (the "Union").  (UF ¶ 2).  At all times during plaintiff's employment at Cal Water, there was a collective bargaining agreement between defendant Cal Water and the Union.  (UF ¶ 3).

In 1998, plaintiff assumed the position of Customer Service

---

[2]     Unless otherwise noted, the facts herein are undisputed.  (See Pl.'s Separate Stmt. of Undisp. Facts in Opp'n to Def.'s Mot. for Summ. J. ("UF"), filed Jan. 12, 2006).  Defendants Cal Water and Cox each submitted identical Statements of Undisputed Facts, and plaintiff responded to each submission separately.  The submissions by plaintiff are also identical.

Plaintiff objects to virtually all of the evidence submitted by defendants on various grounds.  All of plaintiff's objections are without merit.  To the extent that plaintiff's sole dispute with facts is based upon the inadmissability of defendants' evidence, and is not challenged by any admissible evidence submitted by plaintiff, the court will view these facts as undisputed.

Representative 4, a position she bid on and received, based on her seniority at Cal Water. (Surrell Decl. ¶ 5). In 1999, plaintiff bid on and received the job of meter reader, but returned to the customer service position after three months. From April 7, 2001 to April 3, 2002, plaintiff was granted an unpaid leave of absence. (UF ¶ 12). Plaintiff was involved in an automobile accident and claims she was completely unable to work until April 3, 2002. (UF ¶ 13). Plaintiff returned to work on April 4, 2002 with no medical restrictions. (UF ¶ 14). On January 29, 2003, plaintiff was placed on administrative leave. (Declaration of Christine L. McFarlane in Supp. of Def.s' Mot. for Summ. J. ("McFarlane Decl."), executed December 19, 2005, ¶ 22). On December 9, 2003, plaintiff informed Cal Water that she was unable to return to work due to her medical condition. (McFarlane Decl. ¶ 25). As of December 19, 2005, plaintiff remained on an unpaid leave of absence and was still employed by defendant Cal Water, receiving health benefits through the medical insurance plan provided to employees. (McFarlane Decl. ¶ 27). At no time during her employment with Cal Water was plaintiff ever discharged, suspended without pay, demoted, laid off, or given a reduction in pay. (UF ¶ 7).

On July 6, 2004, plaintiff filed suit in the Superior Court for the State of California in and for the County of San Joaquin, alleging numerous employment related claims against defendants. Plaintiff's claims are based upon facts relating to (1) the promotion of Regina Coe to the position of Office Manager in 2002; (2) defendants' failure to cross-train plaintiff for the Head Cashier position; (3) drug testing of the plaintiff; and (4)

3

comments made by defendant Cox to plaintiff between 1998 and 2002.  Plaintiff argues that she was denied opportunities and subjected to harassment because of her age, race, and disabilities.

### 1.   Officer Manager Position[3]

In or about January 2002, defendant Cox announced she was going to take an early retirement, thereby creating an opening for the Office Manager position in the Stockton District.  (Decl. of Paul Risso in Supp. of Def.s' Mot. for Summ. J. ("Risso Decl."), filed Jan. 20, 2006, ¶ 6).  The position was posted within the company in February 2002 and several Cal Water employees applied.  (Id. ¶ 7).  After the two top candidates were offered the position and declined to accept, Cal Water began advertising for the position outside the company.  (Id.)  At this time, plaintiff requested and was allowed to be included in the process.  (Id.)  In July 2002, Regina Coe, a Caucasian female younger than plaintiff  was hired as Office Manager.  (Id. ¶¶ 8, 10; Surrell Decl. ¶ 11).

### 2.   Failure to Cross-Train

In April 2002, on several occasions, plaintiff requested to be cross-trained for the Head Cashier position.  (Surrell Decl. ¶ 13).  Defendant Cox denied plaintiff's requests.  (Id.)  In June

---

[3]   Plaintiff raises the argument that she was denied the promotion to Office Manager because of age, race, or disability discrimination for the first time in her opposition.  In her deposition testimony, plaintiff stated that defendants' failure to cross-train her for the Head Cashier position was the only claim she had for being denied another position or promotion.  (Deposition of Rosetta Surrell ("Surrell Dep."), attached as Exh. A to Declaration of Raymond F. Lynch, executed Dec. 19, 2005, 409:17-19).  However, for the sake of completeness, the court will consider this claim as well.

4

2002, plaintiff was approached by Denise Holt, a younger Caucasian co-worker with less seniority. (Id.)  Holt informed plaintiff that she was being cross-trained for the Head Cashier position. (Id.)  When the Head Cashier took vacation time between June 24-29, 2002, Holt filled in at her position. (UF ¶ 19).  During the work week of June 24-29, 2002, plaintiff called in sick four out of the five days. (UF ¶ 20).

At the time, Cal Water had no cross-training program in place. (Id.)  Under the terms of the collective bargaining agreement, placement in positions open for less than 120 days are not open for bid based upon seniority, but are filled at the management's discretion. (UF ¶ 10).  Plaintiff filed a grievance through the Union in July 2002, complaining that she should have been cross-trained instead of Holt. (UF ¶ 27).  The complaint was ultimately denied at the first stage of the grievance procedure and was not taken to arbitration. (UF ¶ 28).

### 3.  Drug-Testing

On August 22, 2002, supervisors Regina Coe, Scott Bailey, and defendant Cox observed plaintiff and concurred that she appeared to be impaired and her speech was slurred.[4] (UF ¶ 30).  Plaintiff was ordered to submit to a drug screen. (Id.)  Defendant Cox called the Union representative over the common radio line. (Surrell Decl. ¶ 14).  A union representative is always brought when a situation arises with an employee which

---

[4]   Plaintiff disputes these facts (1) on the grounds that defendants' evidence is inadmissible and (2) because of the account of plaintiff offered in her declaration.  Defendants' evidence is admissible, and plaintiff's account is not inconsistent or contradictory to these facts.

might involve discipline.  (Surrell Dep. 430:25-431:9).

Plaintiff was taken to the drug screening by Coe.  (Surrell Decl. ¶ 15).  Plaintiff asserts that Coe told the facility to conduct an observed test, which was in contravention to Cal Water's policy.  (Id.)  The results of plaintiff's August 22 drug screen showed the presence of plaintiff's prescribed medication for her back injuries as well as the presence of cannabinoids.[5] (UF ¶ 32).

Pursuant to the agreement between the Union and Cal Water, after the plaintiff tested positive for illegal substances, she was offered a choice of discharge or enrollment in a drug rehabilitation program.  (UF ¶ 33).  Plaintiff chose to enter the rehabilitation program.  (UF ¶ 34).  Plaintiff completed the program and returned to work in early October 2002.[6]  (UF ¶ 35).

On January 29, 2003, several supervisors observed plaintiff in what appeared to them to be an impaired state.  (UF ¶ 36). Plaintiff again submitted to a drug test, which returned positive for several substances.  (Id.)  Plaintiff asserts that these substances were associated with the medication prescribed by her doctors.  (Surrell Decl. ¶ 18).

**4.   Comments by Defendant Cox**

Plaintiff asserts that, beginning in 1998, defendant Cox

---

[5]   Plaintiff disputes this fact, yet offers no evidence that the drug screen did not show the presence of cannabinoids. Rather, plaintiff merely asserts in her declaration that she did not use marijuana.  Plaintiff's bald assertion that the test results must be flawed does not create a triable issue of fact in the face of properly authenticated test results.

[6]   Plaintiff disputes that her deposition testimony states this fact.  The court has reviewed the deposition and finds that it does.

harassed her in the performance of her duties.  (Surrell Decl. ¶ 9).  On at least one occasion, defendant Cox confronted plaintiff about failing to perform an aspect of her job in front of a Customer.  (Surrell Dep. 394:11-395:4).  Defendant Cox also made statements in front of a co-worker and in front of a customer accusing plaintiff of causing the company to lose money by failing to pay attention to her job.  (Surrell Dep. 395:17-23).  Plaintiff asserts that this accusation was based on paperwork that did not belong to her.  (Id.)  On more than one occasion, defendant Cox told plaintiff that she was too slow with her work.  (Surrell Dep. 399:19-23).  All of plaintiff's claims are based upon (1) defendant Cox's criticism of her job performance; and (2) the fact that Christine McFarlane, the Vice-President of Human Resources, should have stepped in and had a meeting with both plaintiff and defendant Cox after plaintiff complained about Cox's criticisms.  (Surrell Dep. 450:1-14).

On December 19, 2005, defendants Cal Water and Cox each filed motions as to all of plaintiff's claims.  The court will address each of plaintiff's claims in turn.

## STANDARD

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Under summary judgment practice, the moving party
always bears the initial responsibility of informing
the district court of the basis of its motion, and
identifying those portions of "the pleadings,

depositions, answers to interrogatories, and admissions on file together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. at 324. Indeed, summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-289 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e). The opposing party must demonstrate that the fact in contention is material, i.e., a fact

8

that might affect the outcome of the suit under the governing law, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, <u>Id.</u> at 251-52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>First Nat'l Bank</u>, 391 U.S. at 289.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Rule 56(c); <u>SEC v. Seaboard Corp.</u>, 677 F.2d 1301, 1305-06 (9th Cir. 1982).  The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. <u>Anderson</u>, 477 U.S. at 255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898 (9th Cir. 1987). /////

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87, 106 S. Ct. at 1356.

### ANALYSIS

**A.   Plaintiff's Evidence**

In opposition to defendants' motions for summary judgment, plaintiff presents only a single declaration of plaintiff as rebuttal evidence.  Plaintiff's declaration poses numerous evidentiary problems.

Many of plaintiffs statements constitute unfounded, unsupported conclusions.  Conclusory statements without factual support are insufficient to defeat a motion for summary judgment. National Steel Corp. v. Golden Eagles Ins. Corp., 121 F.3d 496, 502 (9th Cir. 1997).  Further,

> [a] plaintiff's belief that a defendant acted from an unlawful motive, without evidence to support that belief, is no more than speculation or unfounded accusation about whether the defendant really did act from an unlawful motive.  To be cognizable on summary judgment, evidence must be competent. . . . It is not enough for a witness to tell all she knows; she must know all she tells.

Carmen v. San Francisco Unified School District, 237 F.3d 1026, 1028 (9th Cir. 2001).  The type of conclusory allegations employed by plaintiff in her declaration merely frame the ultimate issues to be determined, but do not create a genuine issue of triable fact to defeat summary judgment.  Radobenko v. Automated Equipment Corp., 520 F.2d 540, 543 (9th Cir. 1975).

10

1    Some of plaintiff's statements also contradict prior sworn

2  testimony given in her deposition.  "The general rule in the

3  Ninth Circuit is that a party cannot create an issue of fact by

4  an affidavit contradicting [her] prior deposition testimony."

5  Kennedy v. Allied Mutual Ins. Co., 952 F.2d 262, 266 (9th Cir.

6  1991).  This rule does not automatically dispose of every case in

7  which a contradictory affidavit is introduced to explain portions

8  of earlier deposition testimony, but is applied to disallow a

9  party to "create" an issue of fact by presenting "sham"

10  testimony.  Id. at 266-67.  "The district court must make a

11  factual determination that the contradiction was actually a

12  'sham.'"  Id. at 267.

13    Plaintiff also references miscellaneous documents attached

14  to her deposition testimony, which defendants attached to the

15  Declaration of Raymond F. Lynch.  These documents were not

16  written by plaintiff, contain improper opinion testimony, and are

17  not properly authenticated.  The court cannot consider such

18  inadmissible evidence on a motion for summary judgment.

19    Defendants' objections to plaintiff's declaration are, in

20  the majority, sustained.  The court will address each evidentiary

21  issue that is material to plaintiff's claim and defendants'

22  motions in the context of its analysis.

23  **B.   42 U.S.C. § 1983 Claims**

24    Plaintiff brings claims against both defendants Cal Water

25  and Cox pursuant to 42 U.S.C. § 1983.  Defendants move for

26  summary judgment on the ground that plaintiff's claims fail

27  because defendants were not acting under color of law.

28    To state a claim under § 1983, plaintiff must allege facts

11

demonstrating that (1) defendant acted under color of state law, and (2) defendant deprived plaintiff of rights secured by the Constitution or federal statutes.  <u>Gibson v. U.S.</u>, 781 F.2d 1334, 1338 (9th Cir. 1986).  Violations of constitutional rights are actionable under federal law *only* "when committed by one who is clothed with the authority of the state and purporting to act thereunder.  <u>Martin v. Pacific Northwest Bell Telephone Co.</u>, 441 F.2d 1116, 1118 (9th Cir. 1971) (internal quotations omitted).

Plaintiff does not allege facts that defendants were acting under color of law.  To the contrary, defendants present evidence that Cal Water is a wholly owned subsidiary of California Water Service Group, a privately-owned, publicly traded corporation listed on the New York Stock Exchange.  (Declaration of Christine L. McFarlane in Supp. of Def.'s Mot. for Summ. J. ("McFarlane Decl."), signed Dec. 19, 2005, ¶ 3).  As such, plaintiffs' § 1983 claims fail.  Defendants' motions for summary judgment in regard to plaintiffs' § 1983 claims are GRANTED.

**C.   Title VII Claims**

Plaintiff brings claims against defendants Cal Water and Cox pursuant to Title VII, 42 U.S.C. § 2000e-5(e)(1).  Defendants move to dismiss plaintiff's claims on the grounds that she has failed to exhaust her administrative remedies.

Title VII requires a person seeking relief to first file a charge with the EEOC within 180 days of the alleged unlawful employment practice, or, if the aggrieved person initially instituted proceedings with the state or local administrative agency (such as the DFEH), within 300 days of the alleged unlawful employment practice.  <u>See</u> 42 U.S.C. § 2000e-5(e)(1).

12

Once the EEOC issues a right-to-sue letter, the claimant has ninety days from the date of issuance of the letter to file a civil action.  Id. § 2000e-5(f)(1).  "When a plaintiff fails to raise a Title VII claim before the EEOC, the district court lacks subject matter jurisdiction to hear it."  Lowe v. City of Monrovia, 775 F.2d 998, 1003 (9th Cir. 1986) (citing Shah v. Mt. Zion Hosp. & Med. Ctr., 642 F.2d 268, 271-72 (9th Cir. 1981).

At the January 27, 2006 hearing, plaintiff admitted that she had never filed a claim with the EEOC.  As such, plaintiff has failed to exhaust her administrative remedies for her Title VII claim, and this court lacks jurisdiction to hear these claims. Defendants' motions for summary judgment regarding plaintiffs' Title VII claims are GRANTED.

**D.   42 U.S.C. § 1981 Claims**

Plaintiff brings claims under § 1981 for discrimination, retaliation, and harassment on the basis of race.  Defendants move for summary judgment on the ground that plaintiff has not produced sufficient evidence to create a triable issue of fact for violations of § 1981.

**1.   Discrimination Claims**

Plaintiff asserts that defendants discriminated against plaintiff on account of her race (1) when they failed to promote her to the position of Office Manager in the Stockton Cal Water office; and (2) when they failed to cross-train her to fill in as Head Cashier.

In analyzing a § 1981 action, the court employs the same legal principles as those guiding a Title VII dispute.  Gen. Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391

(1082); <u>EEOC v. Inland Marine Indus.</u>, 729 F.2d 1229, 1233 n.7 (9th Cir. 1984) ("A plaintiff must meet the same standards in proving a § 1981 claim that he must meet in establishing a . . . claim under Title VII . . . ."). As such, the court applies the burden shifting approach set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).

Plaintiff must first allege a prima facie case of discrimination. Plaintiff may produce indirect evidence that gives rise to an inference of discriminatory motive. <u>See Transworld Airlines, Inc. v. Thurston</u>, 469 U.S. 111, 121 (1985) ("[A] plaintiff must offer evidence that gives rise to an inference of unlawful discrimination."). Under the latter, indirect method, plaintiff must demonstrate that: (1) she is a member of a protected class; (2) she applied for a job for which he was qualified; (3) she was rejected; and (4) thereafter, the position remained open and the employer sought other similarly-qualified applicants. <u>McDonnell Douglas Corp.</u>, 411 U.S. at 802.

Once plaintiff makes this initial showing, the burden shifts to the employer to articulate a legitimate reason for the adverse action. <u>See EEOC v. Hacienda Hotel</u>, 881 F.2d 1504, 1514 (9th Cir. 1989). The ultimate burden of persuasion, however, remains with the plaintiff. <u>Texas Dep't. of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981).

If the employer articulates a legitimate reason, the plaintiff must demonstrate that the reason is a pretext for discrimination. The plaintiff may demonstrate pretext in one of two ways: "(1) indirectly, by showing that the employer's

proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer." Chuang v. Univ. of Calif. Davis, Board of Trustees, 225 F.3d 1115, 1127 (9th Cir. 2000). The factual inquiry regarding pretext requires a new level of specificity. Burdine, 450 U.S. at 255. Plaintiff must produce *specific* and *substantial* evidence that defendants reasons are really a pretext for discrimination. Aragon v. Republic Silver State Disposal, Inc., 292 F.3d 654, 661 (9th Cir. 2002).

### a.   Failure to Promote

Plaintiff contends that both defendants Cal Water and Cox discriminated against her on the basis of her race when they failed to promote her to the position of Office Manager.

Defendants present evidence that defendant Cox did not participate in the panel interviews and did not participate in the selection of Regina Coe for the position. (Risso Decl. ¶¶ 8, 12). Defendant Cox had no role in plaintiff's application for promotion. Plaintiff presents no evidence to the contrary. As such, defendant Cox's motion for summary judgments regarding plaintiff's § 1981 claims based upon failure to promote is GRANTED.

In her declaration, plaintiff states that she is African American, that she applied for the position of Office Manager, that she was rejected for the position, and that defendants hired Regina Coe instead of her. Plaintiff's evidence does not clearly demonstrate that she was qualified for the position. Rather, plaintiff makes the bald, unfounded, and inadmissible assertion

1  that she was more qualified for the position than Coe.[7]  (Surrell

2  Decl ¶ 11).   Plaintiff states the that Stockton District Manager,

3  Paul Risso, told her that she did well in the interview, but

4  should do more research about water issues and policies.

5  (Surrell Decl. ¶ 11).   Further, plaintiff's evidence does not

6  clearly demonstrate that Cal Water sought out or employed

7  *similarly situated* applicants.   Rather, plaintiff stated in her

8  deposition that she knew nothing about Regina Coe's experience or

9  qualifications.   (Surrell Dep., attached as Exh. A to Supp. Decl.

10  of Raymond F. Lynch, executed Jan. 20, 2006, 106:25-107:9).

11     In contrast to plaintiff's sparse showing in support of a

12  prima facie case, defendant Cal Water presents evidence that

13  Regina Coe was the most qualified applicant for the position and

14  had performed best in the interviews.   (Risso Decl. ¶ 8).   Coe

15  was a trained accountant with a B.S. in Business Administration.

16  (Risso Decl. ¶ 9).   She had five years of management and

17  accounting experience, and worked for approximately one year as a

18  City Administrator.   (Risso Decl. ¶ 9).   Coe also had experience

19  with labor relations and demonstrated strong communication

20  skills.   (Risso Decl. ¶ 10).   This evidence demonstrates that Coe

21  was not a similarly situated applicant as compared to plaintiff.

22  While plaintiff asserts that she understood the policies and

23  procedures of Cal Water and knew the responsibilities of each

24

25     [7]   This statement is inadmissible for failure to establish
26  foundation or personal knowledge.   Federal Rule of Evidence
   ("FRE") 602.   Further, this statement is sham evidence because it
27  directly contradicts plaintiff's deposition testimony that she
   had no knowledge of Coe's qualifications and is declared only to
28  create a triable issue of fact where there is none.   See Kennedy,
   952 F.2d at 267.

job, plaintiff does not present any evidence that she and Coe had similar experience, knowledge, or qualifications.  As such, plaintiff has not presented sufficient evidence to create a triable issue for a prima facie case of discrimination.

Assuming that plaintiff was similarly situated to Coe, defendant Cal Water has proffered evidence of legitimate, non-discriminatory reasons for hiring Coe and not promoting plaintiff.  Coe had experience in management, administration, accounting, and labor relations.  (Risso Decl. ¶¶ 9, 10; Declaration of Michael Stevens in Supp. of Def.s' Mot. for Summ. J. ("Steven Decl."), filed Jan. 20, 2006, ¶ 5; Declaration of Edward Sliger in Supp. of Def.s' Mot. for Summ. J. ("Sliger Decl."), filed Jan. 20, 2006, ¶ 4).  Cal Water presents evidence that Coe was considered the most qualified applicant and hired based upon her experience and her performance during the interview.  As such, defendant Cal Water has demonstrated that it failed to promote plaintiff not because of her race, but because she was not the most qualified applicant for the position.

Plaintiff has not presented any specific much less substantial evidence to raise a triable issue of fact that defendant Cal Water's proffered reason is merely a pretext for discrimination.  While plaintiff's burden at the summary judgment stage is not great, she cannot simply rely on generalizations.  Warren v. City of Carlsbad, 58 F.3d 439, 443 (9th Cir. 1995).  In her declaration, plaintiff's asserts that she was more qualified for the position than Coe and that there were others who interviewed for the position who were more qualified.  Plaintiff sets forth no factual basis for such assertions, nor does

17

plaintiff provide any basis for her personal knowledge of such facts.  Therefore, these statements are inadmissible.  FRE 602. Plaintiff also cites to articles and statistics attached to her deposition testimony, which was included as an exhibit to defendants' declaration.  These articles and statistics are not properly authenticated.  See Orr v. Bank of America, NT & SA, 285 F.3d 764, 777 (9th Cir. 2002).  Therefore, these documents are inadmissible.  Finally, plaintiff states that other minority individuals who were qualified for jobs and should have been selected were overlooked.  Again, plaintiff sets forth no factual basis for such assertions and does not provide any basis for her personal knowledge or opinion.  FRE 602.  Therefore, this statement is also inadmissible.

Excluding consideration of all plaintiff's inadmissible statements, plaintiff's evidence amounts to statements that Cal Water hired a younger, Caucasian female for the position of Office Manager and that she believes she was discriminated on the basis of race.  This is insufficient to create a triable issue of fact for discrimination.  See Warren, 58 F.3d at 443; Carmen 237 F.3d at 1028.  Thus, defendant Cal Water's motion for summary judgment regarding plaintiff's § 1981 claims based upon a failure to promote plaintiff to the Office Manager position is GRANTED.

### b.  Failure to Cross-Train

Plaintiff contends that defendants discriminated against her on the basis of her race when they failed to cross-train her for the Head Cashier position.

In her declaration, plaintiff states that she is African American, that she asked defendant Cox to cross-train her for the

18

1  Head Cashier position, that Cox refused to train her, and that

2  defendants cross-trained Denise Holt, a younger Caucasian woman

3  with less seniority than plaintiff.[8]  Based upon these

4  statements, plaintiff has set forth evidence of a prima facia

5  case.  See McDonnell Douglas Corp., 411 U.S. at 802

6      Defendants, however, have produced evidence of a legitimate,

7  non-discriminatory reason for cross-training Holt instead of

8  plaintiff.  Defendants present evidence that Holt was chosen to

9  train for the Head Cashier position because she had already done

10  a portion of that job that she had learned on her own.

11  (Deposition of Yvonne Cox ("Cox Dep."), attached as Exh. C to

12  Declaration of Raymond F. Lynch, executed Dec. 19, 2005, 49:24-

13  50:4).  Cal Water was in the process of converting to a new

14  computer system, and Holt would require less training because she

15  had already learned a portion of the job.  (Id. 52:2-7).

16  Defendants present evidence that they did not have time to train

17  her for the position of Head Cashier and that defendant Cox

18  explained this to plaintiff.  (Id. 52:12-18).  Based upon this

19  evidence, defendants have demonstrated that they failed to cross-

20  train plaintiff for the position of Head Cashier because they did

21  not have time to fully train plaintiff on all aspects of the

22  position while in the middle of the conversion and because Holt

23  had prior training for the position.

24

25      [8]   The collective bargaining agreement did not contain any
   provisions or programs relating to cross-training.  The purpose
26  of cross-training of Holt was to have an employee that could fill
   in for the current Head Cashier when she was on vacation for a
27  week in June 2002.  The collective bargaining agreement provided
   that placement in positions open for less than 120 days are not
28  open for bid based upon seniority, but are filled at the
   management's discretion.

19

1    In response to the reasons proffered by defendants,

2  plaintiff states that Holt was trained for the position during

3  the two and a half weeks when plaintiff was available and had

4  requested it.  Plaintiff also states that she was paid during the

5  training period.  Plaintiff's statements lack foundation and she

6  fails to demonstrate the requisite personal knowledge to testify

7  to these facts.  FRE 602.  Therefore, they are inadmissible.

8  Further, even if admissible, these statements do not present

9  sufficient evidence to create a triable issue of pretext.

10  Plaintiff's account that Holt was trained for short periods is

11  not inconsistent with defendants' account that Holt needed more

12  training on new aspects of the job.  Defendants' evidence

13  demonstrates that Holt had prior training on the majority of

14  duties of the Head Cashier and that she would need less training

15  than someone without prior experience.  (See UF ¶ 18).

16  Defendants do not assert that Holt did not need any further

17  training; rather, they admit that Holt spent additional time

18  training on aspects of the position that involved the new

19  computer system after she completed her regular job duties.  (UF

20  ¶¶ 16, 18).

21    Because plaintiff has failed to produce any evidence

22  supporting an allegation of pretext, defendants' motions for

23  summary judgment regarding plaintiff's § 1981 claims based upon a

24  failure to cross-train are GRANTED.

25    **2.   Retaliation Claims**

26    Plaintiff asserts that defendants retaliated against

27  plaintiff for complaining about her discriminatory treatment when

28  they subjected her to drug tests.

20

1    Section 1981, like Title VII, makes it unlawful "for an
2  employer to discriminate against any of [its] employees or
3  applicants for employment . . . because [she] has opposed any
4  practice."  42 U.S.C. § 2000e-3(a).  To establish a case of
5  retaliation, plaintiff must prove (1) she engaged in a protected
6  activity; (2) she suffered an adverse employment action; and (3)
7  there was a causal connection between the two.  Hacienda Hotel,
8  881 F.2d 1504, 1513-14 (9th Cir. 1989); Yartzoff v. Thomas, 809
9  F.2d 1371, 1375 (9th Cir. 1987).  Under McDonnell Douglass, once
10 plaintiff makes out a prima facie case of retaliation, the burden
11 shifts to the defendant to set forth a legitimate, non-
12 discriminatory reason for the adverse action.  Stegall v. Citadel
13 Broadcasting Co., 350 F.3d 1061, 1066 (9th Cir. 2003).  If
14 defendant can make this showing, the burden shifts back to the
15 plaintiff to set forth specific and substantial evidence that
16 this reason is merely a pretext for retaliation.  See id.

17    Plaintiff's claim is based upon action allegedly taken as a
18 result of filing a grievance against defendants for failure to
19 cross-train.  In her declaration, plaintiff states that she filed
20 a grievance and a meeting was held on August 20, 2002.  (Surrell
21 Decl. ¶ 13).  Plaintiff also states that on August 22, 2002, she
22 was subjected to a drug test, and on January 29, 2003, she was
23 subjected to another test.  (Surrell Decl. ¶¶ 14, 15 18).
24 Plaintiff declares that it is her belief that defendants insisted
25 upon an observed drug test in retaliation for plaintiff's filing
26 a grievance over the failure to cross-train.  (Surrell Decl. ¶
27 14).
28 /////

1    Plaintiff has not set forth any evidence, beyond her own

2  personal belief of discriminatory motive, that defendants'

3  insistence on a drug screen was retaliation for filing a

4  grievance.  This is insufficient evidence to overcome a motion

5  for summary judgment.  See Carmen, 237 F.3d at 1028 (affirming

6  grant of summary judgment to the employer on retaliation claim

7  where plaintiff did not testify to any admission by a

8  representative of defendants or any other direct or

9  circumstantial evidence to support her general assertion of

10 retaliation).

11   However, assuming that plaintiff has presented a prima facie

12 case of discrimination, defendants have presented evidence of a

13 legitimate, non-discriminatory reason for the drug screens.

14 Defendants present evidence that on August 22, 2002, three

15 supervisors observed plaintiff and concurred that she appeared to

16 be impaired and that her speech was slurred.  (UF ¶ 30).

17 Defendants then called the Union representative and took

18 plaintiff for a drug screen.  The result of the drug test showed

19 the presence of both prescription medications and cannabinoids,

20 an illegal substance, in plaintiff's system.  Defendants' expert

21 states that in order to obtain the level of cannabinoids present

22 in plaintiff's system, "the person would have to had been

23 actively smoking marijuana or ingesting something containing

24 cannabinoids."  (Export Report of Thomas C. Sneath, attached as

25 Exh. E to Lynch Decl).  Following plaintiff's return to work

26 after completion of a drug rehabilitation program, on January 29,

27 2003, plaintiff was again observed by several supervisors.  (UF ¶

28 36).  Plaintiff appeared to them to be in an impaired state.

22

Once again, plaintiff was drug tested and the results were positive for a variety of substances. (UF ¶ 36). Defendants' evidence demonstrates that (1) plaintiff was drug tested in the first instance because she was slurring her words and appeared to be in an impaired state; and (2) plaintiff was drug tested in the second instance because several supervisors again observed plaintiff in an impaired state.

Plaintiff does not dispute that she was slurring her words on August 22, 2002. (Surrell Decl. ¶ 14). Rather, plaintiff argues that because the slurring only lasted for a few minutes on that day, she should not have been drug tested. (Id.) Plaintiff contends that there would only be question about a person's ability to perform if a person was slurring their speech for a long time. (Id.) Plaintiff does not provide a basis for this opinion or demonstrate the requisite personal knowledge. FRE 602. Therefore, this statement is inadmissible. Further, plaintiff does not present evidence that she did not appear impaired on either date. Plaintiff states that the drug test must be flawed because she never smoked marijuana. (Surrell Decl. 17). However, plaintiff does not present any evidence in opposition to the results of the drug test, the expert reports, and the declarations of the defendants, except for the unsubstantiated allegation that the tests "were flawed." As such, plaintiff's declaration does not create a triable issue of fact regarding pretext. Therefore, defendants' motions for summary judgment regarding plaintiff's § 1981 claims based upon retaliatory drug testing as a result of filing a grievance are GRANTED.

1          **3.    Hostile Work Environment Claims**

2          Plaintiff contends that she was subject to a hostile work

3    environment based upon comments made to her by her supervisors,

4    defendant Cox and Regina Coe.

5          To establish a prima facie case of hostile work environment

6    under either Title VII or § 1981, plaintiff must raise a triable

7    issue of fact as to whether

8              (1) she was subjected to verbal or physical conduct
               because of her race, (2) the conduct was unwelcome, and
9              (3) the conduct was sufficiently severe or pervasive to
               alter the conditions of plaintiffs employment and
10             create an abusive working environment.

11   Li Li Manatt v. Bank of America, NA, 339 F.3d 792, 798 (9th Cir.

12   2003) (quoting Kang v. U. Lim Am., Inc., 296 F.3d 810, 817 (9th

13   Cir. 2002).  Like Title VII, § 1981 is not a general civility

14   code.  Id. (citing Faragher v. City of Boca Raton, 524 U.S. 775,

15   788 (1998)).  "Simple teasing, offhand comments, and isolated

16   incidents (unless extremely serious) will not amount to

17   discriminatory changes in the terms of conditions of employment."

18   Faragher, 524 U.S. at 788.

19         Plaintiff's harassment claims are based upon oral criticisms

20   by defendant Cox from 1998-2002.  Plaintiff does not present

21   evidence that defendant's remarks were ever directed at her race.

22   Nor has plaintiff provided any evidence that she was singled out

23   for job-related criticisms on the basis of her race.

24         However, assuming *arguendo* that plaintiff had proffered such

25   evidence, the conduct complained about was neither sufficiently

26   severe nor pervasive enough to alter the condition of plaintiff's

27   employment.  See Li Li Manatt, 339 F.3d at 798 (holding that

28   racial jokes, ridicule of plaintiff's accent, and act of pulling

24

eyes back to imitate or mock the appearance of Asians were insufficient to create a hostile working environment); Vasquez v. County of Los Angeles, 307 F.3d 884, 893 (9th Cir. 2002) (finding no hostile work environment where employee was told that he had "a typical Hispanic macho attitude," that he should work in the field because "Hispanics do good in the field" and where he was yelled at in front of others); Kortan v. Cal. Youth Auth., 217 F.3d 1104, 1111 (9th Cir. 2000) (finding no hostile work environment where the supervisor referred to females as "castrating bitches," "Madonnas," or Regina, and referred to plaintiff as "Medea").  Plaintiff references only a handful of incidents where defendant Cox criticized her job performance over a series of four years.

Therefore, defendants' motions for summary judgment regarding plaintiff's § 1981 claims based upon harassment by defendant Cox are GRANTED.

**E.    Fair Employment and Housing Act Claims**

Plaintiff also brings claims against defendants Cal Water and Cox under the California Fair Employment and Housing Act ("FEHA").  Plaintiff asserts that defendants discriminated against plaintiff,[9] retaliated against plaintiff, and subjected plaintiff to a hostile working environment on the basis of her race, age, and disability.  Defendants move for summary judgment on the ground that plaintiff has not exhausted her administrative

---

[9]    Under FEHA, supervisors may not be held individually liable for discriminatory acts.  Reno v. Baird, 18 Cal. 4th 640, 644-45 (1998).  Therefore, defendant Cox's motion for summary judgment regarding plaintiff's claims of discrimination under FEHA against Cox in her individual capacity is GRANTED.

remedies and has not produced sufficient evidence to create a triable issue of fact for violations of FEHA.[10]

Because the antidiscrimination objective and relevant wording of Title VII and § 1981 are similar to those of FEHA, "California courts often look to federal decisions interpreting these statutes for assistance in interpreting the FEHA." Richards v. CH2M Hill, Inc., 26 Cal. 4th 798, 812 (2001). California courts apply the McDonnell Douglass burden shifting approach to claims brought pursuant to FEHA and apply the same guiding legal principles.  See Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000).

### 1. Disability Claims

Defendants argue that plaintiff's claim of disability discrimination under FEHA is also barred for failure to exhaust her administrative remedies.  In her complaint filed with the DFEH, plaintiff did not include mental or physical disability as a basis for her claim of discrimination.  (Exh. A to Pl.'s Compl. ("Compl."), filed July 6, 2004).  The Ninth Circuit has held that where a plaintiff alleges discrimination on the basis of race or national origin in the claim filed with the DFEH, but fails to allege discrimination on the basis of disability, the disability

---

[10]   Defendants also argue that plaintiff's claim based upon defendants' failure to cross-train is untimely because plaintiff did not submit her claim to the Department of Fair Housing and Employment ("DFEH") within one year of the claim.  As such, plaintiff failed to exhaust her administrative remedies and is barred from bringing suit on this claim.  Romano v. Rockwell Int'l Inc., 14 Cal. 4th 479, 492 (1996).  Plaintiffs argue that the continuing violation doctrine applies.  The court does not reach the issue of whether this equitable tolling doctrine applies to plaintiffs failure to cross train claim because, for the reasons set forth herein, plaintiff has failed to raise a triable issue of discrimination on the merits.

discrimination claim is barred.  Rodriguez v. Airborne Express, 265 F.3d 890, 897 (9th Cir. 2001).  In Rodriguez, the court found that the "two claims involve totally different kinds of allegedly improper conduct, and investigation into one claim would not likely lead to investigation of the other."  Id.  Therefore, the plaintiff had not exhausted FEHA's administrative remedies relating to his claims for disability discrimination.  In this case, because plaintiff likewise failed to file a claim for any type of disability discrimination, mental or physical, with the DFEH, her claim is barred for failure to exhaust administrative remedies.

Plaintiff argues that the court's holding in Rodriguez does not bar her claim for disability discrimination under FEHA.  In Rodriguez, the plaintiff failed to comply with the exhaustion requirements because he was misled by the DFEH.  Therefore, the court held that summary judgment was precluded because the plaintiff has presented evidence that a triable issue of fact existed as to whether an equitable tolling doctrine applied.  Id. at 902.  In this case, plaintiff has not alleged or presented evidence that any equitable tolling doctrine applies.  As such, this court, unlike the Rodriguez court, is not precluded from granting summary judgment because plaintiff has not raise a triable issue of fact regarding her failure to comply with FEHA's exhaustion requirements.

Defendants motions for summary judgment regarding plaintiffs claims for violations of FEHA based upon disability discrimination, retaliation, and harassment are GRANTED.

/////

27

**2.   Other FEHA Claims**

Plaintiff's claims for discrimination, retaliation, and harassment on the basis of age and race are based upon the same assertions and evidence discussed in the context of plaintiff's § 1981 claims.  Plaintiff proffers no additional evidence to support her race or age claims under FEHA.  As discussed above, plaintiff has failed to raise a triable issue of fact in response to defendants' evidence in support of summary judgment. Therefore, defendants' motions for summary judgment regarding plaintiffs' claims for violations of FEHA on the grounds of age and race discrimination, retaliation, and harassment are GRANTED.

**F.   Violation of Article I, Section 8 of the California Constitution**

Plaintiff brings claims against defendants Cal Water and Cox for violation of Article I, Section 8 of the California Constitution.  Defendants argue that plaintiffs claims fail as a matter of law.

Article I, Section 8 of the California Constitution ("Section 8") provides that

> A person may not be disqualified from entering or pursuing a business, profession, vocation, or employment because of sex, race, creed, color, or national or ethnic origin.

Section 8 has consistently been held to apply only to situations where the plaintiff has been terminated, constructively discharged, or threatened with termination.  <u>Strother v. S. Cal. Permanente Med. Group</u>, 79 F.3d 859, 872 (9th Cir. 1996). Although Section 8 "sets forth a fundamental principle of equal employment opportunity, it does not . . . create a cause of action to redress private employment discrimination not resulting

28

in termination." <u>Himaka v. Buddhist Churches of Am.</u>, 919 F. Supp. 332, 335 (N.D. Cal. 1995).

Plaintiff does not dispute that at no time during her employment was she ever discharged, suspended without pay, demoted, laid off, or given pay reduction. (UF ¶ 7). At the time defendants filed their motions for summary judgment, plaintiff still remained employed by Cal Water on an unpaid leave of absence. (McFarlane Decl. ¶ 27). Therefore, plaintiff does not have a viable claim under Section 8 as a matter of law because she has never been terminated. Defendants' motions for summary judgment regarding plaintiff's claims for violation of Section 8 are GRANTED.

**G.   Violation of Public Policy**

Plaintiff brings claims against defendants against defendants Cal Water and Cox under state law for violations of public policy. The only sources that plaintiff identifies for that "public policy" are FEHA and Title VII. (Compl. ¶¶ 43-46). Hence, even if the court were to assume that California tort law allows a self-standing public policy claim of this sort, there is nothing to distinguish the bases for this claim from the other causes of action already discussed above. Therefore, for the reasons set forth above, defendants' motions for summary judgment are GRANTED.

**H.   State Contract and Tort Claims**

Plaintiff brings a variety of state contract and tort claims against defendants Cal Water and Cox. Defendants contend that these claims must be dismissed because they are preempted by Section 301 of the Labor Management Relations Act ("LMRA") and

plaintiff has failed to exhaust the grievance procedure set forth in the collective bargaining agreement.

Section 301 provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization."  29 U.S.C. § 185.  "A suit for breach of a collective bargaining agreement is governed exclusively by federal law under section 301."  Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir. 1987); citing Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 23 (1983). Section 301 also contemplates suits by individual employees and encompasses those seeking to vindicate "uniquely personal" rights of employees.  Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 562 (1976).  "[T]he preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement and any state claim whose outcome depends on the analysis of the terms of the agreement."  Id. Parties cannot escape the preemptive effect of section 301 by converting their contract claims into tort claims.  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210-11 (1985).  The key to determining the scope of preemption is "whether the claims can be resolved only be referring to the terms of the collective bargaining agreement."  Young, 830 F.2d at 999 (internal citations omitted).

Plaintiff brings a state law claim for breach of the collective bargaining agreement.  This claim is preempted by the LMRA.  See Young, 830 F.2d at 993 ("A suit for breach of a collective bargaining agreement is governed exclusively by federal law under section 301.").

1    Plaintiff also brings claims for breach of the implied
2  covenant of good faith and fair dealing, intentional and
3  negligent interference with employment agreement, intentional
4  infliction of emotional distress, negligent supervision, and
5  defamation.[11]  Each of these claims arise out of plaintiff's
6  contention that defendants did not comply with the standards set
7  forth in section 3 (and other applicable sections) of the
8  collective bargaining agreement.  (Pl.'s Opp'n at 19).  An
9  evaluation of these claims is substantially dependant upon an
10  analysis of the terms of the collective bargaining agreement, and
11  would require the court to interpret provisions of the collective
12  bargaining agreement.  See Truex v. Garrett Freightlines, Inc.,
13  784 F.2d 1347, 1350 (9th Cir. 1986).  Therefore, plaintiffs' tort
14  claims are preempted by federal labor law.

15    Plaintiff does not contend that her state contract and tort
16  claims do not arise out of conduct regulated by the collective
17  bargaining agreement.  Rather, plaintiff points to section 3 of
18  the agreement as the source of her state law claims.  (Pl.'s
19  Opp'n at 19).  Nor does plaintiff contend that some exception to
20  federal preemption applies.  Plaintiff's sole argument in support
21  of her assertion that her claims are not preempted is that she is
22  a third party beneficiary to the collective bargaining agreement

23
24
───────────────

25    [11]  Plaintiff's defamation claim must also be dismissed for
26  failure to comply with the statute of limitations.  The allegedly
   defamatory statement occurred on January 29, 2003, and was heard
   by plaintiff when made.  The statute of limitations for claims of
27  defamation is one year.  Cal. Code Civ. Proc. § 340(c).
   Plaintiff did not file her complaint until July 6, 2004.  As
28  such, plaintiff's claim is barred.

1   with an independent right to enforce its provisions.[12]   This

2   argument is entirely without merit and disregards decades of

3   legislation and judicial precedent.

4        Because plaintiff's state contract and tort claims directly

5   implicate the collective bargaining agreement and would require

6   the court to interpret the collective bargaining agreement, these

7   claims are preempted by section 301 of the LMRA.[13]   Therefore,

8   defendants' motions for summary judgment regarding plaintiffs'

9   state contract and tort claims are GRANTED.

10  **I.   42 U.S.C. § 1988**

11       Plaintiff's also seek attorneys' fees.   The Civil Rights

12  Attorney's Fees Awards Act of 1976 states in relevant part:

13           In any action or proceeding to enforce a provision of
             . . . 42 U.S.C. §§ 1981-1983 . . . the court, in its
14           discretion, may allow the prevailing party, other than
             the United States, a reasonable attorney's fee as part
15           of the costs.

16  See 42 U.S.C. § 1988.   Plaintiff must be a prevailing party in

17  order to have a claim for fees under § 1988.   Because, for the

18  reasons set forth above, plaintiff has failed to demonstrate a

19  triable issue of fact as to any of her claims, plaintiff is not a

20  prevailing party and cannot collect attorneys' fees.   Defendants

21  motion for summary judgment regarding plaintiffs' § 1988 claims

22  is GRANTED.

23  /////

24

25       [12]   In support of this argument, plaintiff cites cases
    decided prior to the adoption of Section 301 of the LMRA and to
26  out of date treatises.

27       [13]   Further, plaintiff failed to exhaust the grievance
    procedures set forth in the collective bargaining agreement.   (UF
28  ¶¶ 26-29).

**CONCLUSION**

For the foregoing reasons, defendants' Cal Water and Cox's motions for summary judgment are GRANTED.  The Clerk of the Court is directed to close this file.

IT IS SO ORDERED.

DATED: February 24, 2006

                                    /s/ Frank C. Damrell Jr.
                                    FRANK C. DAMRELL, Jr.
                                    UNITED STATES DISTRICT JUDGE

33