UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ROSETTA SURRELL,

        Plaintiff,

   v.

CALIFORNIA WATER SERVICE COMPANY, a corporation; YVONNE PILE-COX; DOE 1; DOE 2; DOE 3; DOE 4; DOES 5 through 100, inclusive,

        Defendants.

NO. CIV. S-04-2143 FCD JFM

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

This matter is before the court on defendant Yvonne Cox's ("Cox") motion for attorneys' fees pursuant to 42 U.S.C. § 1988(b), the California Fair Employment and Housing Act ("FEHA"), and the court's inherent power to award sanctions. Defendant Cox and defendant California Water Services Company ("Cal Water") jointly bring a motion for sanctions against plaintiff's counsel

///

///

pursuant to 28 U.S.C. § 1927. For the reasons set forth below,[1] defendants' motions are DENIED.

**BACKGROUND**[2]

On July 6, 2004, plaintiff filed numerous employment related claims against defendants in the Superior Court for the State of California, alleging that she was denied opportunities and subjected to harassment because of her age, race, and disabilities. Defendants removed the action from the California Superior Court to this court on October 13, 2004. On December 20, 2005, defendants filed a motion for summary judgment. After more than one year of discovery, the court granted summary judgment in favor of defendants on February 27, 2006. Defendant Cox, as the prevailing party, now seeks attorneys' fees pursuant to 42 U.S.C. § 1988(b), FEHA, and the court's inherent power to award sanctions. Defendant Cox, together with defendant Cal Water, also seeks sanctions against plaintiff's counsel pursuant to 28 U.S.C. § 1927 and the court's inherent power.

**STANDARD**

**I.   42 U.S.C. § 1988**

The Civil Rights Attorneys' Fees Awards Act of 1976 states in relevant part:

> In any action or proceeding to enforce a provision of . . . 42 U.S.C. §§ 1981-1983 . . . the court, in its discretion, may allow the prevailing party, other than

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[2] The factual background underlying this case is more fully outlined in the court's previous order granting summary judgment to defendants. See Memorandum and Order, filed February 27, 2006 ("Order").

1         the United States, a reasonable attorney's fee as part
2         of the costs.

3 42 U.S.C. § 1988.  Under § 1988 jurisprudence, a prevailing
4 defendant is treated differently from a prevailing plaintiff and
5 fees are not awarded routinely or simply because defendant
6 succeeds.  See Patton v. County of Kings, 857 F.2d 1379, 1381
7 (9th Cir. 1988).  To be awarded fees, a prevailing defendant must
8 demonstrate "plaintiff's action was frivolous, unreasonable or
9 without foundation, even though not brought in subjective bad
10 faith."  Christiansburg Garment Co. v. Equal Empl. Opp. Comm'n,
11 434 U.S. 412, 421 (1978).  This standard is "stringent" one.
12 Hughes v. Rowe, 449 U.S. 5, 14 (1980).

13      The Ninth Circuit has recognized repeatedly that attorneys'
14 fees in civil rights cases "'should only be awarded to a
15 defendant in exceptional circumstances.'"  Saman v. Robbins, 173
16 F.3d 1150, 1157 (9th Cir. 1999) (quoting Barry v. Fowler, 902
17 F.2d 770, 773 (9th Cir. 1990)); see also Herb Hallman Chevrolet,
18 Inc. v. Nash-Holmes, 169 F.3d 636, 645 (9th Cir. 1999); Brooks v.
19 Cook, 938 F.2d 1048, 1055 (9th Cir. 1991).  As the Supreme Court
20 explained in Christiansburg:

22      [I]t is important that a district court resist the
         understandable temptation to engage in post hoc
23       reasoning by concluding that, because a plaintiff did
         not ultimately prevail, his action must have been
         unreasonable or without foundation. . . .  Even when
24       the law or the facts appear questionable or unfavorable
         at the outset, a party may have an entirely reasonable
25       ground for bringing a suit.

26 Christiansburg, 434 U.S. at 421-22.

27      The party seeking fees bears the burden of documenting and
28 substantiating fees, and those fees must be reasonable and

3

necessary to the litigation. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (district court should exclude hours that were not "reasonably expended"); Action on Smoking and Health v. Civil Aeronautics Board, 724 F.2d 211, 219 (9th Cir. 1984) (fee applicant bears burden of documenting appropriate hours expended). Further, in assessing whether to award attorneys' fees, the district court must "consider the financial resources of the plaintiff in awarding fees to a prevailing defendant" because "the award should not subject the plaintiff to financial ruin." Miller v. Los Angeles County Bd. of Educ., 827 F.2d 617, 621 (9th Cir. 1987); see also Patton v. County of Kings, 857 F.2d 1379 (9th Cir. 1988) (applying the Miller standard to a case in which plaintiff was represented by counsel). However, courts should not refuse to grant attorneys' fees awards to a prevailing defendant "solely on the ground of the plaintiff's financial situation." Patton, 857 F.2d at 1382.

**II. California Fair Employment and Housing Act**

Section 12965 of the California Government Code states in relevant part:

> In actions brought under [FEHA], the court, in its discretion, may award to the prevailing party reasonable attorney's fees and costs, including expert witness fees, except where the action is filed by a public agency or a public official, acting in an official capacity.

Cal. Gov't Code § 12965(b) (West 2006). Because the language, purpose, and intent of California and federal anti-discrimination acts are virtually identical, California courts have adopted the methods and principles developed by the federal courts in employment discrimination claims. Cummings v. Benco Bldg.

4

1 Servs., 11 Cal. App. 4th 1383, 1386 (Cal. Ct. App. 2d Dist.).
2 Therefore, in California, a trial court uses the standards set
3 forth in Christiansburg in exercising its discretion to award
4 fees and costs to a prevailing defendant under FEHA. Id. at
5 1387. However, a defendant is not a "prevailing party," and
6 therefore not entitled to attorneys' fees under FEHA, where the
7 plaintiff failed to exhaust her administrative remedies prior to
8 bringing suit. Hon v. Marshall, 53 Cal. App. 4th 470, 478 (Cal.
9 Ct. App. 2d. Dist.) (concluding that dismissal for failure to
10 exhaust administrative remedies requires no consideration of the
11 merits).

12 In California, a trial court is required to "make written
13 findings reflecting the Christiansburg/Cummings standard in every
14 case where attorneys' fees are awarded in favor of defendants in
15 FEHA actions." Rosenman v. Christensen et al., 91 Cal. App. 4th
16 859, 868 (Cal. Ct. App. 2d. Dist.). The Rosenman court reasoned
17 that requiring such findings will limit defendants' receipt of
18 attorneys' fees to the extreme cases envisioned by Christiansburg
19 and Cummings. Id.

**III. Sanctions**

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such cost.

28 U.S.C. § 1927 (West 2006). Because § 1927 authorizes
sanctions only for the multiplication of proceedings, § 1927
"applies only to unnecessary filings and tactics once a lawsuit

5

has begun." In re Keegan Management Co. Securities Litigation, 78 F.3d 431, 435 (9th Cir. 1995).

Sanctions imposed pursuant to § 1927 must be supported by a finding of subjective bad faith." Id. at 436 (citing New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir. 1989)). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purposes of harassing an opponent." Id. (quoting Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir. 1986)).

Similarly, in sanctioning counsel pursuant to its inherent powers, counsel's conduct must constitute or be tantamount to bad faith. Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980). "Courts many not invoke [inherent] powers without 'a specific finding of bad faith.'" Yagman v. Republic Ins., 987 F.2d 622, 628 (9th Cir. 1993)(quoting United States v. Stoneberger, 805 F.2d 1391, 1393 (9th Cir. 1986).

**ANALYSIS**

**I.   Attorneys' Fees[3]**

Defendant Cox contends that from its inception, plaintiff's lawsuit against her was entirely without merit.  Defendant Cox further contends that plaintiff's statutory discrimination claims were frivolous, unreasonable, and groundless because they lacked any basis in law or fact.  Therefore, defendant Cox argues that she is entitled to attorneys' fees as a result of plaintiff's

/////

---

[3] Because California courts follow the Christiansburg analysis for awarding attorneys' fees, the court addresses defendants' motions for attorneys' fees pursuant to § 1988 and FEHA together. See Cummings, 11 Cal. App. 4th 1383.

6

continued pursuit of a meritless lawsuit, which ultimately resulted in summary judgment in favor of defendants.

In order for a prevailing defendant to succeed on a claim for attorneys' fees, the defendant must demonstrate that the "plaintiff's action was frivolous, unreasonable or without foundation." Christiansburg, 434 U.S. at 421. Further, attorneys' fees should only be awarded to the defendant in a civil rights action in "exceptional circumstances." See Barry, 902 F.2d at 773.

The Supreme Court has cautioned that in applying the criteria to award fees to a defendant under § 1988, district courts must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421-22; E.E.O.C. v. Bruno's Restaurant, 13 F.3d 285, 290 (9th Cir. 1993).[4] To assess fees against a party simply because that party did not prevail would undercut the Congressional effort to promote vigorous enforcement of the anti-discrimination statutes. Bruno's Restaurant, 13 F.3d at 290 (citing Christiansburg, 434 U.S. at 422). Rather, the correct inquiry focuses on the plaintiff's reasonable belief in her claims at the onset of litigation. Id. at 288-290; see also Dixon v. Clem, Slip Copy,

---

[4] Defendant Cox relies heavily upon a Ninth Circuit opinion that was subsequently withdrawn. See E.E.O.C v. Bruno's Restaurant, 976 F.2d 521 (9th Cir. 1992) withdrawn and re-filed by E.E.O.C v. Bruno's Restaurant, 13 F.3d 285 (9th Cir. 1993). Unlike the 1992 opinion, the 1993 opinion in Bruno's Restaurant vacated an award of attorneys' fees to the defendant and remanded for reconsideration. Bruno's Restaurant, 13 F.3d 285. Defendants' reliance on the 1992 opinion is misplaced.

2006 WL 751235 (E.D. Ky. 2006) (concluding that the court should initially determine whether the plaintiff's claim was reasonable at the time it was asserted).  Thus, "[e]ven when the law or facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." Christiansburg, 434 U.S. at 422.

In assessing the propriety of awarding defendant Cox attorneys' fees in this case, the court emphasizes that an award of attorneys' fees to a prevailing defendant in a § 1981 case must be granted with exceeding caution so as not to unduly chill civil rights litigation.  While § 1988(b) serves as a deterrent against frivolous litigation, the Congressional policies which underlie § 1983 include "vigorous prosecution of civil rights violations."  Miller, 827 F.2d at 619.  Further, the court is also cognizant that it is often difficult for deserving plaintiffs to find competent lawyers willing to bring civil rights actions.

In this case, plaintiff likely had a reasonable belief that she had been discriminated against because of her race, age, and disabilities.  In her complaint, plaintiff alleged that she was (1) drug tested after filing a grievance, (2) denied cross-training, (3) denied the opportunity to fill in for a week at a higher position, and (4) subjected to work-related derogatory comments by her supervisor.  Defendants did not dispute that these actions occurred in some form.  However, in opposition to defendants' motion for summary judgment, plaintiff was unable to proffer evidence of a prima facie case as to some of these claims and was unable to present specific evidence in response to

8

defendant's evidence of legitimate, non-discriminatory reasons for their conduct.  The fact that plaintiff was unable to provide proper evidence to raise a triable issue of fact, does not mean that her claims were unreasonable, frivolous, or without a foundation.[5]  See Christiansburg, 434 U.S. 412; Cummings, 11 Cal. App. 4th 1383.

Additionally, district courts may consider a plaintiff's financial resources in deciding whether to award a defendant attorneys' fees because "the award should not subject the plaintiff to financial ruin."  Miller, 827 F.2d at 621; See also Patton, 857 F.2d 1379.  Here, plaintiff earned an annual salary of $61,000 through April 2003.  (Pl.'s Resp. to Defs.' Interrogs., Ex. A to Decl. of Raymond F. Lynch in Supp. of Def.'s Mot. for Att'ys' Fees, filed March 29, 2006).  However, since December 2003, plaintiff has received no income.  (Id.)  Based upon the evidence submitted by defendant Cox, an award of more than $34,000 in fees to defendant would unduly burden plaintiff. While this factor alone does not justify the denial of fees, the burden on this individual plaintiff coupled with the possible chilling effect of such an award on future civil rights cases significantly supports denial of defendant Cox's motion for attorneys' fees.

---

[5] Plaintiff did not allege any facts in her complaint that defendant Cox was acting under color of state law, and thus, liable under § 1983.  However, defendants did not file a motion to dismiss, but rather let this claim proceed to the summary judgment level after the close of discovery.  Defendant should not be awarded for allowing such knowingly meritless claims to survive through the close of discovery and up until the dispositive motion deadline.  Further, the core of plaintiff's claims was employment discrimination, which was brought pursuant to § 1981 and addressed on the merits in the court's order.

9

1    Finally, in deciding whether to award fees, the court
2 considers defendant's own conduct over the course of this
3 litigation.  Defendant Cox did not file a motion to dismiss in
4 this action.  Fed. R. Civ. P. 12(b)(6).  If defendant believed
5 plaintiff's claims were truly frivolous from the inception of
6 this litigation, defendant may have garnered dismissal, or, at a
7 minimum, narrowed the issues through such a motion.  Defendant
8 did not do so.  Instead, defendant admits that she made repeated
9 requests to plaintiff to dismiss her suit, arguing that the
10 claims were unfounded and lacked merit.  (Mem. of P & A in
11 support of Defs.' Mot. for Att'ys' Fees, filed March 29, 2006, at
12 1).  However, when these informal requests were rejected by
13 plaintiff, defendant did not file a motion for dismissal.
14 Rather, defendant continued to engage in further discovery.  Only
15 after discovery closed did defendant file a motion for summary
16 judgment.  From these facts, it appears defendant litigated this
17 case as if it had merit.
18    In short, defendant Cox seeks to hold plaintiff responsible
19 for attorneys' fees incurred over more than a year defending what
20 defendant *now* alleges was a frivolous suit.  Attorneys' fees in
21 civil rights cases are awarded to defendants only in exceptional
22 cases where plaintiff's claims are demonstrably frivolous.  This
23 case is not such an exception.  Accordingly, defendant Cox's
24 motion for attorneys' fees is DENIED.
25 **II.  Sanctions**
26    Defendants contend that plaintiff's counsel should be
27 sanctioned pursuant to 42 U.S.C. § 1927 or pursuant to the
28 court's inherent authority because he recklessly pursued claims

10

that he knew or should have known were frivolous.  This court has authority to award sanctions against an attorney who unreasonably and vexatiously multiplies the proceedings.  28 U.S.C. § 1927.  Defendants assert that plaintiff's counsel multiplied the proceedings by failing to voluntarily dismiss claims and by "forcing" defendants to file a motion for summary judgment.

The sanctions sought by defendants require a specific finding of subjective bad faith.  <u>In re Keegan</u>, 78 F.3d at 436-37.  "For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass."  <u>Id.</u> at 436.  For the reasons set forth above in the court's discussion of attorneys' fees, plaintiff's claims were not frivolous.[6]  Therefore, the court must find that plaintiff's intended to harass through his conduct.  The court cannot make such a finding on the record before it.  Accordingly, defendants' motion for sanctions pursuant to § 1927 is DENIED.

/////
/////
/////
/////
/////
/////
/////

---

[6] While some of plaintiff's counsel's legal theories and arguments were entirely without merit, the core of plaintiff's claims was not frivolous.  Further, defendants allowed these claims to remain throughout the close of discovery and up to the summary judgment level, litigating such claims as if they had merit.

11

**CONCLUSION**

For the foregoing reasons, defendant Cox's motion for attorneys' fees is DENIED and defendants' motion for sanctions is DENIED.

IT IS SO ORDERED.

DATED: April 28, 2006

                                      /s/ Frank C. Damrell Jr.
                                      FRANK C. DAMRELL, Jr.
                                      UNITED STATES DISTRICT JUDGE